IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BILLY MORRIS                                                                                    PETITIONER

VS.                                                         CIVIL ACTION NO. 3:13cv926-DPJ-FKB

JIM HOOD and SUPERINTENDENT
JOHNNIE DENMARK                                                                         RESPONDENTS

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Billy Morris and Respondents' motion to dismiss the petition as untimely. Morris has not responded to the motion.[1] Having considered the motion, the undersigned recommends that it be granted and the petition dismissed with prejudice.

Morris entered a plea of guilty in the Circuit Court of Neshoba County, Mississippi, to one count of possession of cocaine. By order dated June 30, 2010, he was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections. Subsequently, Morris entered a plea of guilty in the same court to another count of possession of cocaine, for which he was sentenced on March 7, 2011, as an enhanced offender, to a term of eight years. In the present action, he challenges both convictions.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a

---

[1] On May 1, 2014, Petitioner filed a document which was docketed as a "response" to Respondents' motion to dismiss. *See* Docket no. 11. However, Petitioner's May 1, 2014, filing does not address Respondents' motion or the timeliness issue and appears to be a supplement to the original petition.

one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Morris's latter conviction became final on March 7, 2011, and his one-year limitations period began to run no later than that day. He had one year from that date, or until March 7, 2012, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. On January 4, 2012, Morris signed and sent in for filing in the state trial court a motion for post-conviction relief attacking his March 7, 2011, conviction. He signed and filed a second such motion shortly thereafter. The former of these was denied

by an order filed on January 17, 2012, while the latter was denied by an order filed on February 2, 2012. Morris signed and sent for filing yet another motion for post-conviction relief in the trial court attacking this same conviction on April 4, 2012; this motion was denied by an order filed on May 15, 2012. He did not appeal any of these denials.[2] Therefore, under § 2244(d)(2), Morris is entitled to 72 days of statutory tolling for the time period during which his state court post-conviction actions were pending.[3] His one year expired on May 18, 2012 (one year from March 7, 2012, plus 72 days). Morris did not file his federal habeas petition until on or after October 3, 2013.[4] Thus, his petition is untimely and subject to dismissal.

---

[2]Thus, Morris has never properly exhausted his claims, as required by 28 U.S.C. § 2254. Furthermore, his time period for doing so has now expired. Therefore, his claims could, alternatively, be dismissed as procedurally defaulted pursuant to *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).

[3]In their motion, Respondents have calculated Morris's period of statutory tolling as 70 days, rather than 72. This difference appears to result from Respondents' failure to include both the beginning and ending date of each tolling period, as required by the Fifth Circuit. *See Windland v. Quarterman* 578 F.3d 314, 317 (5th Cir. 2009) (tolling period includes both the day the motion is filed and the day it is resolved).

Between his convictions and the filing of the present petition, Morris also filed two motions for post-conviction relief in the Mississippi Supreme Court: One filed on February 13, 2012, and a second filed on June 26, 2013. Both were dismissed because they were filed in the wrong court. *See* Miss. Code Ann. § 99-39-7 (where no direct appeal has been taken, post-conviction motion is to be filed in trial court). Because neither of these was "properly filed" within the meaning of section 2244(d)(2), no statutory tolling is allowed for these periods.

[4]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Morris's petition was "filed" sometime between the date it was signed, October 3, 2013, and the date it was received and filed by this court, October 29, 2013.

3

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten days of being served with a copy hereof  will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 5th day of May, 2014.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE