UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BILLY MORRIS                                                                                              PETITIONER

v.                                                                           CIVIL ACTION NO. 3:13cv926-DPJ-FKB

JIM HOOD and SUPERINTENDENT
JOHNNIE DENMARK                                                                                       RESPONDENTS

ORDER

This habeas case is again before the Court on another motion for reconsideration. Petitioner Billy Morris has now filed seven (7) such motions, and for the reasons that follow, the Court again denies his request.

On May 5, 2014, United States Magistrate Judge F. Keith Ball recommended dismissal of Morris's petition as untimely and unexhausted under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* Report and Recommendation [13] at 2.  Morris did not timely file objections to the Report and Recommendation, so on May 27, 2014, the Court adopted it as the opinion of the Court [14] and entered a judgment of dismissal [16].

Thereafter, Morris filed a motion [17] for extension of time to file objections.  The Court granted the motion, reopened the case, and allowed Morris an extension of time to object, which he did.  After considering his objections, the Court again concluded that his petition should be dismissed for the reasons Judge Ball recommended.  *See* July 7, 2014 Order [21].  Morris then filed three motions for reconsideration [24, 26, 27], all of which were denied.  *See* Oct. 24, 2014 Order [28].  Morris next sought reconsideration on November 12, 2014, and that motion was denied February 3, 2015.  *See* Pet.'s Mot. [30]; Feb. 3, 2015 Order [33].  On June 2, 2015, Morris again moved for reconsideration, and the Court denied that request June 16, 2015.  *See* Pet.'s Mot. [37]; Feb. 3, 2015 Order [38].  Undeterred, Morris has once again moved for

reconsideration—his seventh such effort.

Morris files his present motion under Rule 60(b) of the Federal Rules of Civil Procedure and raises several issues. Because most of the issues do not reach the merits of his petition, they will not be viewed as a successive petition under 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (noting that Rule 60(b) motions attacking the court's merit-based holdings should be viewed as successive petitions that are beyond the district court's jurisdiction, whereas motions related to procedural bars fall within the court's jurisdiction). The Court will take Morris' issues in order.

First, Morris claims "excusable neglect" under Rule 60(b)(1). Pet.'s Mot. [39] at 1.[1] Morris merely uses the term "excusable neglect" without explaining how it might apply to this Court's judgment. He has not, therefore, demonstrated that the judgment in this case should be altered or amended based on excusable neglect.[2]

Second, Morris takes issue with certain extensions that were granted to the Respondents. Pet.'s Mot. [39] at 2. He has offered that argument before, and as before, it does not change the fact that his federal habeas petition was filed more than a year after the AEDPA deadline expired.        Third, Morris asks why the Court set aside its original judgment in this case. *Id.* As stated above, the Court initially entered judgment when Morris failed to object to the Report and Recommendation. But when Morris sought reconsideration and asked for an opportunity to

---

[1]The Court will assume that the Rule 60(b) motion was filed within one year of the judgment. *See* Fed. R. Civ. P. 60(c).

[2]It is possible that Morris offers his non-specific excusable-neglect argument as a basis for seeking equitable tolling of the AEDPA's limitation period. If so, "neither 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (citation omitted).

object post-judgment, the Court granted the motion and vacated (that is set aside) the original judgment.  After duly considering Morris' late objections, the Court concluded that he filed his federal habeas petition more than a year after it was due under the AEDPA and otherwise failed to exhaust.  *See* July 7, 2014 Order [21].

Fourth, Morris states that "the judgment is void."  Pet.'s Mot. [39] at 2.  He does not say whether he refers to the state-court judgment or this Court's judgment.  In either event, Morris fails to explain why he thinks they are void, other than to say "the judgment has been satisfied."  *Id*.  It appears, however, that Morris remains in custody.

Fifth, Morris seeks relief under 28 U.S.C. § 1655 claiming that he "was not personally notified of the action."  *Id.*  Section 1655 deals with enforcement of liens upon title.  It has no application in this context.

Sixth, Morris claims relief under Rule 60(b)(3), asserting "fraud on the court."  *Id.* at 3.  He then asserts the merits of his petition claiming that he was denied certain rights when sentenced in state court.  But as the Court initially ruled, Morris waited too long to raise those arguments.  The claims were barred by the AEDPA.

Finally, Morris seems to assert new issues or new evidence in the final page of his motion.  This portion of the motion is basically unintelligible, but the exhibits he cites are all dated 2011, so they would not constitute new evidence.  To the extent Morris is making a new claim on the merits, it would be considered a successive application under 28 U.S.C. § 2244(b).  *See Gonzalez*, 545 U.S. at 531.  As such, this Court would lack jurisdiction to hear the claim until Morris seeks and is granted leave from the Fifth Circuit Court of Appeals to file a

successive petition. 28 U.S.C. § 2244(b)(3).[3]

Several of Morris's arguments track arguments that this Court has already considered and rejected. He is advised to refrain from repetitive motions.

**SO ORDERED AND ADJUDGED** this the 30th day of November, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]Title 28 U.S.C. § 1631 states that a court "shall, if it is in the interest of justice, transfer" an action for which it lacks jurisdiction "to any other such court in which the action . . . could have been brought at the time it was filed . . . ." The interests of justice do not suggest transfer in this case because it is not clear whether Morris is actually making a new claim on the merits.